UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 13 |
| JAMES & RITA MALEC, ) | No. 12 B 30867 |
| ) | |
| Debtors. ) | Judge Janet S. Baer |

**MEMORANDUM OPINION AWARDING REASONABLE
COSTS OF COLLECTION TO BANKFINANCIAL FSB**

BankFinancial FSB (the "Bank"), a secured lender with respect to two pieces of commercial property owned by the Debtors, filed two Motions to Allow Costs of Collection—one for each piece of property, located respectively at 4554 Heartland Drive and 4540 Heartland Drive in Richton Park, Illinois, ECF Nos. 71 and 72 ( the "Motions"). The Bank seeks a total of $14,091.74 in attorney's fees and costs under the terms of the respective mortgages on the two properties. The Debtors do not dispute that under the mortgages the Bank may seek reimbursement for its costs of collection. The Debtors challenge, however, the reasonableness of the costs being requested. For the reasons set forth below, the Court grants the Bank's Motions in part, awards costs of collection in the total amount of $10,000.00, and denies all remaining amounts requested.

Only reasonable fees, costs, or charges are compensable. Section 506(b) of the Bankruptcy Code provides, in relevant part:

> To the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any *reasonable fees, costs, or charges provided for under the agreement under which such claim arose.*

11 U.S.C. § 506(b) (emphasis added). In reviewing the Bank's Motions, this Court has broad discretion to determine what constitutes a "reasonable" fee. *In re Stoecker*, 114 B.R. 980, 983

1

(Bankr. N.D. Ill. 1990). "The Court must review the fees to ensure that they are reasonable in scope and amount." *Id.* The criteria to be evaluated in determining reasonableness include: (1) time and labor required; (2) novelty and difficulty of questions; (3) skill requisite to perform legal services; (4) preclusion of other employment by acceptance of the case; (5) customary fee; (6) whether the fee sought is fixed or contingent; (7) time limitations; (8) amount involved and results achieved. *Id.*

This case involves the simple representation of a secured lender seeking to protect its rights when its borrowers file a chapter 13 case. While the case is neither novel nor complex, it does involve investment properties, which is not typical of the run-of-the-mill chapter 13 case. The issues that arose involved arrears, past due real estate taxes, and ongoing mortgage payments. However, due to: (1) errors in the original proofs of claim; (2) failure of the Debtors to remain continually current on plan payments; (3) failure of the Debtors to initially seek use of cash collateral; and (4) failure of the Debtors to originally address the maturity of the Bank's loans, this case ultimately involved at least nine continued confirmation hearings and six versions of the Plan before it was confirmed. The Bank filed two Plan objections, a Motion for Relief from the Stay, and a Motion to Dismiss. The chapter 13 trustee also filed several dispositive motions during the course of the case. Again, however, none of these matters were unique or for that matter particularly complicated. One could speculate that a little less emotion, and a few more cooperative phone calls placed at the proper time, could have resolved many the matters more effectively than six versions of the Plan, nine confirmation hearings, and several motions that were filed.

2

Ultimately, the Court confirmed the Plan over the Bank's objections. At the time of confirmation, the Debtors were current in their obligations to the Bank. Their Plan provides for payment in full to the Bank of its principal and interest as well as curing arrears.

The amount of fees requested by the Bank for its costs of collection in this case is unusually high. As indicated by the Debtor, the typical costs submitted in chapter 13 cases by lenders in this position do not generally exceed $1,000. However, as outlined herein, this case did take more time and involve many more court hearings and pleadings than is typical. That said, in reviewing the detailed time records submitted by the Bank, the Court finds several instances of time that is excessive for the matters described. The Court also finds several duplicate entries among the two Motions where the time was likely meant to be divided equally among the two entries, and where the Court finds the sum of the duplicate entries excessive for the services rendered. As a result, the Court has reduced the fees requested to a level that in its discretion it finds reasonable in light of the novelty and difficulty of the questions posed by the case, the skill requisite to perform the services required, and the amount involved and results achieved.

Wherefore, the Court will enter two separate orders consistent with this Memorandum Opinion allowing the Bank's costs of collection in the total amount of $10,000.00 ($5,000.00 for each Motion) and denying all remaining amounts requested.

Dated: July 11, 2013

_____
Janet S. Baer
United States Bankruptcy Judge