UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 12 B 30867 |
| | ) | |
| JAMES & RITA MALEC, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | Honorable Janet S. Baer |
| | ) | |

**MEMORANDUM OPINION DENYING DEBTORS' MOTION
TO ALTER OR AMEND JUDGMENT/ORDERS ON
BANKFINANCIAL, FSB'S MOTIONS FOR COSTS OF COLLECTION**

On July 11, 2013, the Court issued a memorandum opinion (the "Opinion") and two orders (the "Orders") allowing creditor BankFinancial, FSB (the "Bank") costs of collection in the amount of $10,000 in connection with the above-captioned bankruptcy case. In doing so, the Court denied all remaining amounts requested, which totaled $4,091.74. This matter is now before the Court on the motion of the debtors, James and Rita Malec (the "Debtors"), pursuant to Federal Rule of Civil Procedure 59 and Federal Rule of Bankruptcy Procedure 9023, to alter or amend the Opinion and the Orders. For the reasons that follow, the Court denies the Debtors' motion.

**Background**

The Bank is a secured creditor with respect to two investment properties owned by the Debtors. On May 9, 2013, the Bank filed two motions to allow costs of collection, one for each property, which were accompanied by detailed itemizations of the work performed. The Bank sought a total of $14,091.74 in attorney's fees and costs under the terms of the respective mortgages on the two properties, $7,351 in connection with one property and $6,740.74 in

connection with the other. On June 6, 2013, the Debtors responded at length to the Bank's motions, conceding that the Bank may seek reimbursement for its costs of collection under the mortgages on the properties but arguing that the amounts sought were not reasonable and asking the Court to reduce those amounts.

On July 11, 2013, the Court issued an Opinion in which it allowed the Bank costs of collection in the amount of $10,000 and denied as excessive or duplicative the remaining amounts requested. All of the relevant facts are contained in the Opinion, as well as in the pleadings on the docket, and will not be repeated here. *See In re Malec*, No. 12 B 30867, 2013 WL 3565129 (Bankr. N.D. Ill. July 11, 2013).

On July 17, 2013, six days after entry of the Opinion, the Debtors filed the instant motion to alter or amend. In addition to affording the Bank the opportunity to respond to the motion and the Debtors to reply, the Court, at the Debtors' urging, heard arguments on the Rule 59 motion on September 26, 2013. The matter has been fully briefed and considered, and it is now ready for ruling.

## Applicable Standard

Rule 59(e) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 9023, allows a party to move the court to alter or amend a judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions serve a narrow purpose and must clearly demonstrate a manifest error of law or fact, newly discovered evidence, *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008), or an intervening change in the controlling law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). The decision to grant or deny a Rule 59(e) motion is left to the sound discretion of the court. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

"The rule essentially enables a . . . court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Indeed, the Rule allows a party to bring to the attention of the court "factual and legal errors that may change the outcome so they can be corrected. It does not allow a party to introduce new evidence earlier available, or advance arguments that could and should have been presented prior to judgment." *Herbstein v. Bruetman (In re Bruetman)*, 259 B.R. 672, 673-74 (Bankr. N.D. Ill.), *aff'd*, 266 B.R. 676 (N.D. Ill. 2001), *aff'd*, 32 Fed. Appx. 158 (7th Cir. 2002). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation omitted).

The function of a motion to alter or amend a judgment is not to relitigate old matters or present the case under a new legal theory. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 977 (Bankr. N.D. Ill. 1990). The rulings of a bankruptcy court "'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Deady v. Hanson (In re Hanson)*, 438 B.R. 144, 148 (Bankr. N.D. Ill.), *aff'd*, 470 B.R. 808 (N.D. Ill. 2012) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from

dissatisfied litigants." *BNT Terminals*, 125 B.R. at 977.

## Discussion

The Debtors here suggest that the Court's Opinion contains manifest errors of fact or that there is additional evidence, which, if considered, will reasonably alter the result that was reached. Specifically, the Debtors claim that the Court erred by basing its Opinion on the fact that nine confirmation hearings and six modified plans were required before a plan could be confirmed rather than focusing on the *reasons* for the delay.

For purposes of their motion to alter or amend, the Debtors have failed to establish the existence of manifest errors of fact or newly discovered evidence. *See In re Walker*, Bankr. No. 89-11748, 1991 WL 186585, at *3 (Bankr. N.D. Ind. May 21, 1991) (noting that the burden is on the party seeking reconsideration). While the Debtors provide in the Rule 59 motion their more detailed version of what may have gone on behind the scenes with respect to the delays in amending the proofs of claim–the primary reason that confirmation took so long according to the Debtors–all of the evidence submitted in support of the Rule 59 motion was previously available. The Debtors' motion simply reargues what they had already put before the Court, albeit now in a more detailed and organized fashion. The Court does not know why the Debtors' version of the evidence was not provided more clearly in the original submissions, since such evidence was earlier available. *See Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) (explaining that a motion to alter or amend is "an improper vehicle to introduce evidence previously available"). Because they have merely rehashed old matters and attempted to advance a version of the evidence that could and should have been presented prior to judgment, the Debtors' motion to alter or amend the Opinion and the Orders must be denied.

4

## Conclusion

For the foregoing reasons, the Court denies the Debtors' motion. A separate order will be entered consistent with this Memorandum Opinion.

**Dated:** March 6, 2014                          **ENTERED:**

*[signature]*
JANET S. BAER
United States Bankruptcy Judge